IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DAVID A. LELAND,**

    **Plaintiff,**

v.                                                                                      No. 98cv0648 LH/JHG

**KENNETH S. APFEL,**
**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

       This matter is before the Court on Plaintiff's (Leland's) Motion to Reverse and Remand Administrative Decision, filed March 24, 1998. The Commissioner of Social Security issued a final decision denying Leland's application for disability insurance benefits. The United States Magistrate Judge, having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, finds the motion is well-taken and recommends that it be GRANTED.

       Leland, now fifty-three years old, filed his application for disability insurance benefits on January 16, 1992. On November 20, 1992, the Commissioner's Administrative Law Judge (ALJ) found that Leland's impairments met the listings, and that he was thus disabled within the meaning of the Social Security Act. In March, 1996, the Commissioner notified Leland his disability had ceased on March 1, 1996 and his benefits were being terminated. Leland appealed and the ALJ held a hearing on February 10, 1997. On May 19, 1997, the ALJ found that Leland's condition had improved and he could perform his past relevant work as a laboratory scientist. The Appeals Council

denied Leland's request for review of the ALJ's decision. Hence, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes. Leland seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. §405(g).

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

In order to qualify for disability insurance benefits or supplemental security income, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993)(citing 42 U.S.C. §423(d)(1)(A)). In a benefit termination case, the regulations of the Social Security Administration require the Commissioner to apply the following specific evaluation steps to determine whether the disability will continue.

1. Is the claimant engaged in substantial gainful activity? If the claimant is (and any applicable trial work period has been completed), the disability has ended.

2. Does the claimant have an impairment or combination of impairments which meets or equals the severity of an impairment listed in Appendix 1 of 20 C.F.R. § 404, Subpart P? If so, the disability will continue.

3. Has there been a medical improvement? If yes, is the medical improvement

2

related to the ability to do work?

4. If there has been medical improvement, does the claimant have a sever impairment or combination of impairments? If not, the disability has ended.

5. Can the claimant perform his past relevant work? If yes, the disability has ended.

6. If not, does the claimant have the residual functional capacity to perform any other work?

20 C.F.R. § 404.1594(f).

The ultimate burden of proof lies with the Commissioner in a termination proceeding. *Glenn v. Shalala*, 21 F.3d 983, 987 & n.2 (10th Cir. 1994). Medical improvement is defined as any decrease in the medical severity of the impairments present at the time of the most recent favorable medical decision of disability. 20 C.F.R. § 404.1594(b)(1). This determination is based upon changes in the symptoms, signs of laboratory findings associated with the impairment. *Id.*

In support of his motion to reverse and remand, Leland argues the Commissioner did not carry his burden of proof on the issue of medical improvement; the ALJ's finding the mental impairment is not severe is not supported by substantial evidence and is contrary to law; the ALJ's residual functional capacity finding is not supported by substantial evidence and is contrary to law; and the ALJ's rejection of the findings of the consultative examiner is contrary to law.

In this case, the ALJ found that Leland's mental impairment had improved to the point that it was no longer severe because if did not interfere with his ability to work The ALJ based this finding on the February 28, 1996, consultative report of Dr. Balcazar. Tr. 222-225. However, Dr. Balcazar diagnosed an atypical personality disorder with strong obsessive compulsive features. Tr. 224. Although Dr. Balcazar found Leland was not depressed at that time, he had suffered episodes of

depression. *Id.* Dr. Balcazar's report does not demonstrate a decrease in the medical severity of Leland's mental impairment since the most recent favorable medical decision of disability. Thus, a remand is required.

Leland argues the ALJ's finding the mental impairment is not severe is not supported by substantial evidence and is contrary to law. The undersigned agrees. The ALJ found in 1992 that Leland's mental impairment met the severity requirements of Listings 12.04 (affective disorders) and 12.06 (anxiety related disorders). 20 C.F.R. Part 404, Subpt. P, App 1; Tr. 144. The ALJ based this conclusion on medical findings of recurrent, severe depression and an atypical personality disorder accompanied by serious and recurrent difficulties in maintaining social functioning including difficulties in relating to others in work like setting, and repeated episodes of deterioration and decompensation as demonstrated by his work record. Tr. 144. The ALJ also determined Leland had intermittent difficulties with memory and concentration and moderate restrictions in his activities of daily living. *Id.* The February 28, 1996, report of Dr. Balcazar further established the continuing and severe nature of Leland's mental impairments. Thus, the ALJ's finding that Leland did not have a severe mental impairment is not supported by the record. Substantial evidence establishes that Leland suffered from a severe mental impairment.

Leland contends the ALJ's residual functional capacity finding is not supported by substantial evidence and is contrary to law. The ALJ stated that Leland had failed to establish he was unable to perform the physical and mental impairments of his past relevant work as a lab scientist. In the disability termination analysis, the burden is on the Commissioner. *Glenn v. Shalala*, 21 F.3d at 987. The ALJ improperly shifted the burden to Leland in this respect.

Moreover, the ALJ had the obligation to inquire into and make findings regarding the physical

4

and mental demands of the claimant's past work. *Henrie v. Department of Health and Human Services*, 13 F.3d 359, 361 (10th Cir. 1993). In this case, the ALJ failed to make any findings regarding the position as a lab technician. In addition, the ALJ failed to resolve the issue of whether this position was a trial work period. On remand, the ALJ should address these issues.

Leland argues the ALJ did not properly assess his credibility. The ALJ found Leland's testimony was not fully credible. While it is true that this Court generally defers to credibility determinations of the ALJ, such deference is not absolute. *Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993). The ALJ's credibility determination is not supported by substantial evidence. A remand is required due to this omission. *Kepler v. Chater*, 68 F.3d 387, 391-92 (10th Cir. 1995). On remand, the ALJ should reevaluate Leland's credibility.

In evaluating a claim of disabling pain, the appropriate analysis considers (1) whether there is objective medical evidence of a pain producing impairment, (2) whether there is a loose nexus between this objective evidence and the pain, and (3) whether, in light of all the evidence, both objective and subjective, the pain is in fact disabling. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994) (citing *Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1987)). In this case, the ALJ did not expressly follow this analysis. On remand, the ALJ should expressly follow the *Luna* pain analysis. With respect to the credibility determination and the pain analysis, the ALJ did not apply correct legal standards and substantial evidence does not support his decision. On remand, the ALJ should link his credibility determination with specific evidence of record, analyze Leland's complaints of disabling pain, and apply the appropriate pain analysis.

Finally, Leland argues the ALJ's rejection of the opinion of the consultative examiner is not supported by substantial evidence and is contrary to law. On February 16, 1996, Dr. Hamilton

5

performed a consultative examination. Tr. 216-221. Dr. Hamilton observed that Leland's problems with pain in the supra pubic area and increased frequency of urination had been ongoing for twenty years. Tr. 216. She noted he was diagnosed with interstitial cystitis by Dr. Smith in August, 1992. *Id.* Dr. Hamilton found the Leland interstitial cystitis was severe and chronic and interfered with all of his daily activities. Tr. 218. She stated that his symptoms were aggravated when he tried to return to work. Tr. 221. Dr. Hamilton concluded that the severe pain caused by the interstitial cystitis interfered with all work related activities. *Id.*

The ALJ discounted Dr. Hamilton's report because it was based on Leland's subjective statement of pain. Tr. 16. It is clearly within the ALJ's authority to reject a physician's opinions which are unsupported by the objective evidence of record. *Castellano v. Secretary of Health & Human Services*, 26 F. 3d 1027, 1029 (10th Cir.1994). However, considering Leland's past records with his treating physicians were
available for Dr. Hamilton's review, that Dr. Hamilton herself felt that the information obtained in the exam was reliable, that a physical examination fashion was conducted as well as a
history eliciting Leland's symptoms, the undersigned finds that the ALJ's rejection of this report was in error because it was not supported by the evidence in the record. On remand, the ALJ should not discount Dr. Hamilton's assessment.

## RECOMMENDED DISPOSITION

The ALJ did not apply correct legal standards and his decision is not supported by substantial evidence. Leland's Motion to Reverse and Remand Administrative Decision, filed March 24, 1999, should be granted. This case should be remanded to the Commissioner for the ALJ to apply the disability termination analysis in light of Leland's severe mental impairment, to apply the correct

burden of proof on the issue of medical improvement, to determine whether Leland's position as a lab technician was a trial work period, to make findings as to the mental and physical demands of the position as lab technician, to analyze Leland's complaints of disabling pain under the *Luna* pain analysis, and to determine whether Leland's disability will continue giving appropriate weight to the consultative report of Dr. Hamilton.

_____
JOE H. GALVAN
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE**

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.